**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EDWARD A. MITCHELL,           ) | |
| )                             | |
| Plaintiff,                    ) | |
| )                             | |
| vs.                           ) | Case No. CIV-06-0379-F |
| )                             | |
| MBNA AMERICA, et al.,         ) | |
| )                             | |
| Defendants.                   ) | |

## ORDER

Plaintiff appears *pro se* in this action, and his pleadings are liberally construed.

The court file reflects that this action was filed on April 6, 2006. As of today's date, which is more than 120 days after the filing of this action, the court file does not reflect that any service of summons has been made upon any defendant. The court file also does not show that any praecipe for issuance of summons has been filed. Other than payment of the filing fee, the court file indicates that no action has been taken by the plaintiff to prosecute this case. Plaintiff also has not requested an extension of time within which to obtain service upon the defendants.

Fed. R. Civ. P. 4(m) provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice or direct that service be effected within a specified period of time. The rule further provides that if the plaintiff shows good cause for the failure to timely serve, the court shall extend the time for service for an appropriate period. In this case, the 120 days for service expired August 4, 2006.

Every court has the inherent power in the exercise of sound discretion to dismiss a case for want of prosecution. Stanley Continental Oil Company, 536 F.2d 914, 917 (10th Cir. 1976); *see also*, Link v. Wabash Railroad, 370 U.S. 626 (1962) (inherent power vested in court to manage own affairs so as to achieve orderly and expeditious disposition of cases). The propriety of such a decision depends upon the procedural history of the particular case involved. Petty v. Manpower, Inc., 591 F.2d 615, 617 (10th Cir. 1979).

Even taking into consideration the fact that plaintiff brings this action *pro se*, the court finds that the procedural history of this case indicates that plaintiff has failed to pursue this action and that plaintiff's inaction has foreclosed any movement toward resolution by trial on the merits. The court has the inherent power to clear its calendar of a case which has remained dormant because of the inaction of the party seeking relief. In balancing the harshness of dismissal without prejudice against the necessity of bringing the case to a point where it can be resolved, the court finds and concludes that absent a showing by plaintiff of good cause for the above-described failures within ten days of the date of this order, this action should be dismissed without prejudice to the refiling of a new action.

Accordingly, absent a showing of good cause by August 25, 2006, for plaintiff's failures to serve and prosecute, this action will be dismissed without prejudice for the reasons stated in this order and without further comment.

Dated this 15th day of August, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0379p001(pub).wpd